**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **VICTORIA VAXTER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00365-O-BP |
| § | |
| UPS, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Rule 12(b)(6) Motion to Dismiss and Brief in Support filed by Defendant United States Postal Service ("UPS") September 14, 2022 (ECF No. 14); Defendant Victoria Vaxter's responses to UPS's Motion (ECF Nos. 18, 19) filed on September 23, 2022; and UPS's Reply to the Motion, filed on October 7, 2022 (ECF No. 21). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion and **DISMISS** this case **with prejudice.**

### I.   BACKGROUND

Vaxter was an employee at UPS from June 2018 to January 2019, where she worked as a "package car driver." ECF No. 10 at 6. During that time, Vaxter alleges that she was paid less than other drivers, and that she even went a month without getting paid. ECF No. 8 at 10. She also alleges that she hurt her foot on the job, and though she told her supervisor and was wearing a boot because of the injury, her supervisor denied her accommodations. *Id*. Finally, Vaxter alleges that her manager made derogatory comments about her while she was employed. ECF No. 10 at 7. As a result, Vaxter alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII'), the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act

("GINA"), the Age Discrimination in Employment Act ("ADEA"), and the Equal Pay Act ("EPA"). ECF No. 8 at 3, 4.

Vaxter has attempted to bring these claims against UPS several times prior to filing this lawsuit. She filed a workers' compensation retaliation lawsuit against UPS in state court on January 4, 2021, but nonsuited the case on August 17, 2021, without explanation. ECF No. 14 at 2; ECF No. 14-1 at 3, 10. On June 11, 2021, while the state court action was pending, she filed suit in this Court. ECF No. 10 at 15; ECF No. 14 at 2; ECF No. 14-1 at 13; Civil Action No. 4:21-cv-00738-Y. Senior United States District Judge Terry R. Means ordered Vaxter multiple times to file an amended complaint that stated her allegations with greater specificity and in accordance with the local rules (ECF No. 14-1 at 16-17, 19), but when Vaxter responded with a complaint that did not comply with the rules (*id*. at 21-22), Judge Means *sua sponte* dismissed the case without prejudice for failing to comply with the Court's orders. *Id*. at 24-25, 27.

On November 3, 2021, Vaxter filed another complaint in this Court against UPS demanding $2.5 million for violations of Title VII and the ADA. ECF No. 10 at 15; ECF No. 14 at 2; ECF No. 14-1 at 29; Civil Action No. 4:21-cv-01214-Y. Judge Means was the presiding judge in that case as well. When Vaxter had not provided proof of service within 90 days of filing suit, Judge Means ordered her to do so. ECF No. 14-1 at 35, 37. Vaxter did not provide proper proof of service, and Judge Means again *sua sponte* dismissed her suit "for failure to prosecute her claims and to comply with the Court's orders" under Federal Rule of Civil Procedure 41(b). *Id*. at 39-40, 42. Vaxter filed this suit five weeks later. ECF No. 1.

## II.     LEGAL AUTHORITIES

### A.     12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.  Pro Se Parties

The Court subjects a pro se party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed pro se ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing Bounds v. Smith, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### III. ANALYSIS

#### A. The applicable statutes of limitation bar Vaxter's claims.

A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Liberally construed, Vaxter's Amended Complaint (ECF No. 8) and Response to the Court's Questionnaire (ECF No. 10) unquestionably show that Vaxter's claims are time-barred. Further, Vaxter does not allege any facts to support tolling of the statutes of limitation or other relief from the bar.

##### i. Vaxter's EPA claim is untimely.

Violations of the EPA are subject to a two-year statute of limitations, with a three-year limitations period for "willful violations." 29 U.S.C. § 255(a). Even assuming that Vaxter could establish a "willful violation" under the EPA, the statute of limitations still bars her claim. Vaxter's last day of employment with UPS was in January 2019, but she did not file this case until April 29, 2022. ECF Nos. 10 at 6, 1. She did not raise the EPA claim until her amended complaint, which she filed May 9, 2022. ECF No. 8 at 4. *See e.g.*, *Jones v. Fed. Exp. Corp.*, 145 F.3d 359 (5th Cir. 1998) (no relation back where original complaint contained no factual allegations related to later-raised claim). Therefore, because she asserted her EPA claim over three years after her employment with UPS ended, the statute of limitations bars that claim.

##### ii. Vaxter's other claims are time-barred because she did not file suit within ninety days of receiving a right to sue letter from the EEOC.

Vaxter had ninety days after receiving her right to sue letter from the Equal Employment Opportunity Commission ("EEOC") to file suit against UPS for violation of Title VII, the ADA, GINA, and the ADEA. *See* 42 U.S.C. § 2000e-5(f)(1) (ninety-day deadline for Title VII claims); 42 U.S.C. § 12117(a) (ninety-day deadline for ADA); 42 U.S.C. § 2000ff-6(a)(1) (incorporating

4

the Title VII administrative scheme and deadlines to GINA claims); and 29 U.S.C. § 626(e) (ninety-day deadline for ADEA claims). Vaxter received her right to sue letter from the EEOC on June 7, 2021. ECF No. 8 at 10. She did not file suit on these claims until April 29, 2022, over 10 months after she received the right to sue letter and over three years after she left UPS's employ. Therefore, the statutes of limitation bar her claims brought under Title VII, the ADA, GINA, and the ADEA.

### iii. Vaxter has not pleaded facts to support tolling of the statutes of limitation.

Vaxter alleges that this suit is still timely because she previously filed these claims with this Court within the appropriate statute of limitations. ECF No. 10 at 15. Judge Means dismissed Vaxter's two previous suits without prejudice. ECF No. 14-1 at 27, 42. "A court's order dismissing a suit without prejudice leaves the plaintiff in the same position as if the first suit had never been filed." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Consequently, the dismissal of a timely filed complaint does not toll the ninety-day limitations period for a subsequent suit. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (holding that "[i]f a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period"); *see also Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir.1988) (holding a second Title VII lawsuit time-barred following first lawsuit being dismissed for failure to prosecute). The fact that Vaxter filed previous lawsuits in this Court within the statutes of limitation does not toll limitations for this suit.

Likewise, Vaxter's claims are not subject to the equitable tolling exception. The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable

tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting her rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Vaxter has not alleged any facts to show that UPS actively misled her about the causes of action in her case or prevented her in some way from asserting her rights. Therefore, Vaxter's claims are not tolled under the equitable tolling exception.

      **B.**    **Vaxter did not exhaust her pre-suit administrative remedies for her Title VII, GINA, and ADEA claims**.

To satisfy the administrative exhaustion requirement, a claim generally must arise out of the plaintiff's EEOC charge of discrimination. *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021). That requirement relates to a key purpose of an employment discrimination charge, which is to give the employer notice of the existence and general substance of the discrimination allegations. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003). In her EEOC charge, Vaxter alleged only disability discrimination and retaliation in violation of the ADA. ECF No. 14-1 at 44. She did not raise any other claims in the charge, nor any facts that would put UPS on notice of other claims. *Id*. Thus, since Vaxter's EEOC charge contains no facts or allegations regarding the Title VII, GINA, or ADEA violations, Judge O'Connor should dismiss those claims as unexhausted.

      **C.**    **The Court should dismiss Vaxter's claims with prejudice.**

Because courts prefer to decide cases on their merits rather than technicalities, Rule 12 dismissals such as the one recommended here ordinarily are without prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, dismissal with prejudice is appropriate when a plaintiff could not successfully bring her claim even if given the opportunity to amend it and fix its facial deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016). Vaxter's claims against UPS in this case all are time-barred. Vaxter has

amended her complaint, but further amendment would be futile since the relevant statutes of limitation bar her claims. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Because she cannot successfully bring a claim even if given the opportunity file another amended complaint, the Court should dismiss her claims with prejudice. *Id*. However, if Judge O'Connor dismissed Vaxter's claims against UPS under Title VII, GINA, or the ADEA solely because she did not exhaust her administrative remedies, those claims should be dismissed without prejudice. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996); *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863-64 (5th Cir. 1983).

### IV.   CONCLUSION

Because the applicable statutes of limitation bar Vaxter's claims, Vaxter has not pleaded facts to support tolling of those statutes, and further amendment of her amended complaint would be futile, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** UPS's Motion to Dismiss (ECF No. 14) and **DISMISS this case with prejudice.**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on December 22, 2022.

*[signature]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE